MEMORANDUM **
The district court properly granted summary judgment in favor of defendants. Viewing the facts in the light most favorable to plaintiff, no reasonable jury could conclude that Lt. Bayne’s use of deadly force was objectively unreasonable. It is undisputed that the decedent, Jason Pros-trollo, had threatened two people with a knife earlier in the evening. It is also undisputed that when Prostrollo emerged from the house, he was armed with a potentially deadly weapon (two halves of a pool cue), and that he disregarded officers’ warnings to halt his advance. Lt. Bayne did not know whether Prostrollo still had the knife on his person as he continued to advance. Lt. Bayne fired only when Pros-trollo had advanced within 21 feet, of the other officers, the distance officers are taught can be closed by an attacker before an officer can react to protect himself.
The main disputed fact—where the police dog was when Lt. Bayne fired—does not preclude summary judgment. Even if the dog had been released and was attempting to subdue Prostrollo at the time Lt. Bayne fired, that would not render his use of force unreasonable. Officers do not need to avail themselves of the least intrusive means of responding to a threat; the Fourth Amendment requires only that their conduct be reasonable. See Billington v. Smith, 292 F.3d 1177, 1188-89 (9th Cir. 2002). Here, Prostrollo was armed with a potentially deadly weapon and had refused the officers’ commands to halt his approach. Lt. Bayne was not required to wait until Prostrollo was within striking distance of the officers given the threat he posed at the time Lt. Bayne fired.
Because Lt. Bayne’s use of force was objectively reasonable under the circumstances, plaintiffs claims under the Fourth and Fourteenth Amendments fail. See Wilkinson v. Torres, 610 F.3d 546, 553-54 (9th Cir. 2010). In the absence of a constitutional violation, plaintiffs claim under Monell v. Department of Social Services of N.Y., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), was properly dismissed. See City of Los Angeles v. Heller, 475 U.S. 796, 799, *680 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) (per curiam). And plaintiffs state law claims were also properly dismissed because Arizona’s justification statutes permit the use of deadly force when an officer reasonably believes the suspect is likely to endanger human life. See Ariz. Rev. Stat. §§ 13-410, 13-413; Marquez v. City of Phoenix, 693 F.3d 1167, 1176 (9th Cir. 2012).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.